BRYANT, APPELLANT, *v.*
DAYTON CASKET COMPANY, APPELLEE.

[Cite as Bryant v. Dayton Casket Co. (1982), 69 Ohio St. 2d 367.]

(No. 81-798—Decided February 24, 1982.)

*E. S. Gallon & Associates Co., L.P.A., Mr. John A. Cervay* and *Mr. Jeffrey V. Nackley,* for appellant.

*Messrs. Lang, Horenstein & Dunlevey, Mr. John R. Wykoff* and *Mr. Carmine Garofalo,* for appellee.

HOLMES, J.   In interpreting R. C. 4123.90, or any enactment of the General Assembly which is reasonably free of ambiguity, this court must apply the common and generally accepted meaning to the wording of the statute.

As stated in *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, at 105-106:

"There is no lack of general rules to guide the court in its effort to ascertain the meaning of the statutes before it. The principles of statutory construction are given exhaustive treatment in 50 Ohio Jurisprudence 2d, 129 to 310, Sections 160 to 327. It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. See, *e.g., Katz* v. *Department of Liquor Control* (1957), 166 Ohio St. 229. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly. *Sears* v. *Weimer* (1944), 143 Ohio St. 312.

" 'Where the language itself clearly expresses the legislative intent, the courts need look no further.' *Katz, supra,* at 231."

Here there is no question that the actual proceedings within the Industrial Commission had not been instituted or processed prior to appellant's discharge. It is the position of the appellee that the trial court and the Court of Appeals correctly interpreted this statute, and that as a prerequisite to bringing an action against the employer under such section,

the employee must have instituted some proceeding to recover upon his industrial claim.

The basic argument of the appellant is to the effect that he had informed someone in the company (either an officer of the company, as claimed by the appellant, or a fellow employee, as argued by the appellee), prior to the discharge and, therefore, such expression of intent to pursue an industrial claim is sufficient to satisfy the purposes of R. C. 4123.90 insofar as he "pursued" a claim.

The common meaning and ordinary usage of the word "pursue" is to be found in Webster's New Twentieth Century Dictionary (2 Ed.), as follows:

"To proceed along or follow, as a specified course, action, plan, etc. * * * to follow a matter in a legal manner; to be a prosecutor."

Black's Law Dictionary (5 Ed.), defines the word "pursue" as, "To follow * * * a matter judicially, as a complaining party."

Interpreting the same section of law, Judge McCormac, of the Court of Appeals for Franklin County, in *Genheimer* v. *Clark Grave Vault Co.* (August 14, 1980), case No. 79AP-940, unreported, stated:

"In order for plaintiff to prevail, he must prove that he was discharged because he had filed a claim or instituted, pursued, or testified in any proceeding under the Workers' Compensation Act for an injury in his employment. Plaintiff did not file a claim until February 8, 1979, which was after the time of his discharge. Did he institute or pursue any proceeding under the Workers' Compensation Act prior to his discharge?

"A proceeding is defined, as pertinent, as follows: 'The course of procedure in a judicial action or in a suit in litigation.' Webster's Third New International Dictionary, Unabridged, 1966. Under the workers' compensation law, there are two ways in which there can be proceedings which may be instituted or pursued. The first is by filing a claim and the second is, in the case of a self-insured employer, the election of the employer to pay compensation or benefits directly with knowledge of a compensable injury. R. C. 4123.84. R. C. 4123.90 is unambiguous in providing that a claim must either have been filed or proceedings must have been instituted or

pursued in order for there to be liability. The institution of proceedings for payment of benefits without a claim being filed appear to be placed in the statute to cover benefits paid by a self-insured employer when made without the filing of a claim, a recognition of the existence of a claim already in being."

We conclude, as did the Court of Appeals for Montgomery County, that Judge McCormac was correct in his interpretation of this statute, as related to an employee's complaint against his former employer, that it applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so.[1]

In viewing the Ohio statute in contrast to other states which have enacted legislation generally protecting employees from being discharged for seeking workers' compensation benefits for injuries, it should be pointed out that these other states have used language in their statutes which is considerably broader than R. C. 4123.90, and allows actions to be brought by the employee when he has been discharged after informing the employer of his intention to exercise some statutory right for recovery for his industrial injury. See West's California Labor Code, Section 132a; N. J. Stat. Ann. Section 34:11-56.39.[2]

It is our determination that the General Assembly's use of the specific and exclusive words as "pursued * * * any proceedings under the workers' compensation act" implies the exclusion of the interpretation as advanced by this appellant. The

---

[1] Appellant-employee relies upon the out-of-state case of *Texas Steel Co.* v. *Douglas* (Tex. Civ. App. 1976), 533 S.W. 2d 111, where the court, in reviewing a Texas statute comparable to R. C. 4123.90, noted that an employee had been fired after the self-insuring company's insurance carrier had paid the employee certain workers' compensation benefits as provided for by Texas law. The court held that such payment was a legal step or measure for obtaining benefits under the Act. The court pointed out that it was possible to draw full compensation, including benefits for permanent and total disability, without ever filing a claim and, thus, the intentional furnishing of benefits by the employer pursuant to the Act constituted a proceeding making the statute applicable.

[2] For instance, Section 132a of West's California Labor Code creates a cause of action for an employee who has filed an application *or made known his intention to file an application*. Also, N. J. Stat. Ann. Section 34:11-56.39 makes it unlawful for an employer to discharge an employee who has "instituted *or is about to cause to be instituted*" a proceeding against his employer.

doctrine of *expressio unius est exclusio alterius* is applicable here, and would limit our application of the statute to that which the General Assembly obviously intended.

Based on all the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., and C. BROWN, J., dissent.

WILLIAM B. BROWN, J., concurring. I concur in the syllabus of this case, and I likewise agree with the majority's holding that the provisions of R. C. 4123.90 apply " * * * only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so."

In my opinion, the majority opinion does not stand for, and should not be construed as standing for, the proposition that the only action by which a proceeding can be "instituted or pursued," in the case of an employer who is not self-insured, is by an actual filing of a claim.

I would agree with the majority that, for the purposes of R. C. 4123.90, an employee, such as the one herein, has not "pursued or initiated" a proceeding where he merely informs someone in the company of his intention to file an industrial claim. In view of the fact that an employer must complete part of the industrial claim form prior to the claimant's filing of his claim, I can envision situations where a court could find a claimant had "pursued or initiated" a proceeding although he had not actually made a physical filing of a claim. The majority's decision should not be read so as to preclude a court's consideration of such factual situations.

Indeed, a requirement that an actual filing of a claim is the only means by which a proceeding can be instituted or pursued would frustrate the legislative intent as evinced in R. C. 4123.90. If such a requirement was mandated, an employer could, upon receipt of an employee's request to complete the form prior to filing, fire the claimant and thus avoid the consequences of R. C. 4123.90. In addition, such a requirement

would also result in a footrace, the winner being determined by what event occurs first—the firing of the employee or the filing of the claim with the bureau. This scenario, in light of the fact that R. C. 4123.95 provides that R. C. 4123.90 should be liberally construed in favor of the employee, should not be encouraged by a decision from this court.

CLIFFORD F. BROWN, J., dissenting. To conclude that plaintiff-appellant had not "instituted" or "pursued" his claim within the meaning of R. C. 4123.90 denies plaintiff his day in court, and ignores several basic principles. First, since this case reaches us on summary judgment for defendant-appellee, the truth of all evidentiary materials favoring plaintiff must be conceded, in order to decide whether there is no genuine issue as to any material fact. Civ. R. 56. Second, the workers' compensation laws must be liberally construed in favor of employees, under the statutory mandate of R. C. 4123.90. Third, statutes are presumed to achieve "a just and reasonable result", and must be construed accordingly. R. C. 1.47(C). Finally, R. C. 1.47(B) establishes a presumption that "[t]he entire statute is intended to be effective." Therefore, I dissent.

In his affidavit on file, plaintiff avers that on February 9, 1979, the date he sustained his industrial injury, he was told by the president of defendant, Dayton Casket Company, that if he did not state that he cut his index finger at a place other than at work, plaintiff would be discharged. Plaintiff further avers that one week later, when he told the company president that he intended to file a claim, he was discharged on that date, February 16, 1979.

Since plaintiff informed his employer of his intention to file a workers' compensation claim before his discharge, he is within the language of R. C. 4123.90, which includes discharged employees who "filed a claim or *instituted, pursued* or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." (Emphasis added.)

The majority narrowly construes the meaning of the term "pursue" contrary to principles of construction of workers' compensation law. Webster's New Collegiate Dictionary

defines the term as "to find or employ measures to obtain or accomplish: seek (a goal)." Construing the term broadly and liberally, plaintiff's actions fall well within the meaning of "pursued."

By informing his employer before his discharge from employment of his intention to file a workers' compensation claim the employee has "pursued" his workers' compensation claim. At one time in Ohio oral application constituted "commencement of a 'proceeding'," *i.e.*, "instituted, pursued" a proceeding under the Act. *W. S. Tyler Company* v. *Rebic* (1928), 118 Ohio St. 522, paragraph one of the syllabus.[3]

The Court of Appeals in the instant case determined, "[b]efore a claim can be pursued, it must first be filed." Under this construction the word "pursued" is meaningless.

Nor does the majority interpretation of the statute achieve a just and reasonable result. Rather, such interpretation frustrates the purpose of the statute. That purpose is to provide employees protection from retaliation for filing a claim after instituting or pursuing it. The employer under the majority interpretation need only fire the employee before he completes his filing, a race the employer can easily win.[4]

The perversity of an interpretation denying relief to the employee under similar circumstances was recognized by the Texas Court of Civil Appeals in *Texas Steel Co.* v. *Douglas* (1976), 533 S. W. 2d 111, at page 115, as follows:

"If the Legislature's intention was that the cause of action they created by Art. 8307c V.A.T.S., should in all instances only arise in cases where the employee was fired after he had filed the claim for compensation provided for in Art. 8307, §4a, then the law would be completely useless and would not accomplish the purpose for which it was enacted. This is true because all the employer would have to do in order to avoid the

---

[3] Similarly with reference to occupational diseases the present statute, R. C. 4123.85, contains no presumption that a claim be in writing. If the employer is self-insured, oral application of the employee is sufficient to toll the statute.

[4] Justice William B. Brown, in his concurring opinion herein, cogently recognizes this same invitation to malicious mischief by employers. At its worst the syllabus in this case should be limited strictly to the facts in this record. Instead its broad sweeping language will condemn to a premature and ignominious death the many meritorious claims of employees in the future envisioned by Justice William B. Brown.

consequences of the statute would be to fire the injured workman before he filed the claim."

Finally, the majority ignores the principle that all the language in a statute is presumed effective. While artfully avoiding saying so, the majority implies that "pursued" is the equivalent to "filed". If such were the case, the use of both terms by the legislature is unnecessary.[5] R. C. 1.47, however, prevents us from holding such language superfluous.

Because the record establishes that plaintiff "pursued" his claim within the meaning of R. C. 4123.90, I conclude plaintiff should have his day in court, to determine whether his discharge was retaliatory, or with cause.

CELEBREZZE, C. J., concurs in the foregoing dissenting opinion.

---

[5] In *Texas Steel, supra,* at page 116, the Texas court properly construed a similar statute noting:

"In order to give the words 'instituted, or caused to be instituted * * * any proceeding under the Texas Workmen's Compensation Act' some effect other than would result from their omission, we must construe this part of the statute to include a state of proceeding under the Workmen's Compensation Act reached prior to the time the employee files his claim for compensation."

The Texas statute uses the terms "filed" and "instituted" in a manner similar to the words "filed" and "pursued" contained in R. C. 4123.90.