WARRENSVILLE HEIGHTS FIREFIGHTERS ASSOCIATION ET AL., APPELLANTS, *v.* CITY OF WARRENSVILLE HEIGHTS, APPELLEE.

(No. 47396—Decided July 2, 1984.)

*William L. Summers,* for appellants.

*Joseph C. Domiano,* for appellee.

NAHRA, J. Appellant Edward Gaillard was terminated as a firefighter in appellee's, the city of Warrensville Height's, fire department on September 4, 1980. Prior to his termination he had filed a claim for workers' compensation benefits. Gaillard's termination was appealed to the Warrensville Heights Civil Service Commission, which ordered his reinstatement with back pay. Several months later, appellants, Gaillard and the Warrensville Heights Firefighters Association, filed a suit in the court of common pleas seeking attorney fees under R.C. 4123.90 for the $8,125 expended by the Warrensville Heights Firefighters Association in challenging Gaillard's dismissal.

Appellee in its answer alleged that appellants failed to state a claim upon which relief could be granted, that appellant Warrensville Heights Firefighters Association was an improper party to the action, and that the association could not recover its attorney fees under R.C. 4123.90. On January 27, 1983, appellee filed a motion to dismiss, which motion was granted.

Appellants have appealed the granting of the motion to dismiss assigning one error:

"The trial court erred in granting appellee's motion and dismissing appellants' complaint where that complaint states a claim for relief pursuant to O.R.C. § 4123.90 alleging prohibited retaliatory employer actions."

A court can only dismiss a complaint for failure to state a claim upon which relief can be granted where it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus. Appellants allege that attorney fees are recoverable as a separate cause of action pursuant to R.C. 4123.90[1] even though reinstate-

---

[1] R.C. 4123.90 provides, in relevant part, that:

"No employer shall discharge * * * any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, * * * offset by earnings subsequent to discharge, * * * and payments received pursuant to section 4123.56 and Chapter 4141 of the Revised Code plus reasonable attorney fees. * * *"

98

ment and back pay were sought in a forum other than the court of common pleas. We disagree based upon the literal language of the statute.

The Supreme Court of Ohio has stated that "[i]n interpreting R.C. 4123.90 * * * [a] court must apply the common and generally accepted meaning to the wording of the statute." *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, 369 [23 OO.3d 341]. Here, the statute provides for an award of attorney fees *in addition to* other relief granted by the court of common pleas. In other words, according to the statute, an action for reinstatement in the court of common pleas *is a condition precedent* to an award of attorney fees. A *separate* action for attorney fees does not lie pursuant to the common, unambiguous language of R.C. 4123.90. Therefore, appellants' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. I respectfully dissent. In the instant matter, appellant Gaillard properly alleged that due to his pursuit of a workers' compensation claim, he was improperly, and in retaliation for such claim, dismissed from his employment. The damages sought are attorney fees.

Though appellee maintains that an action pursuant to R.C. 4123.90 requires one of the enumerated forms of relief in addition to a claim for attorney fees, that matter is not presently before us. Nor is consideration that appellant Gaillard prevailed on his improper dismissal action before the civil service commission to be reviewed in light of a Civ. R. 12(B)(6) motion. Our concern is only whether appellant has adequately stated a claim for relief *from the mere face of the pleadings,* and he has.

The judgment of the trial court should be reversed because appellant adequately stated a claim for relief.