HAMBY, APPELLANT, *v.* NATIONAL GYPSUM COMPANY, APPELLEE.

(No. 3965—Decided July 30, 1986.)

*Geoffrey R. Smith,* for appellant.
*T. Merritt Bumpass, Jr.,* for appellee.

GEORGE, J. The plaintiff-appellant, Jerry Hamby, filed an action in the common pleas court claiming that his former employer, defendant-appellee, National Gypsum Company, had discharged him in retaliation for his pursuit of a workers' compensation claim. R.C. 4123.90. Hamby was injured on the job on October 17, 1984. On that date, he advised his employer that he intended to pursue his workers' compensation benefits. Approximately two weeks later, on November 4, 1984, Hamby was discharged and on November 9, 1984, he signed an application for benefits. This application was filed with the agency on November 14, 1984.

On April 4, 1985, Hamby filed a complaint alleging that the employer had violated R.C. 4123.90. The employer answered the complaint and filed a motion for summary judgment. Civ. R. 56. Both parties filed affidavits and briefs. The trial court granted summary judgment to the employer, stating:

"[Hamby's] affidavit cannot be relied on as it does not set forth facts showing there is a genuine issue presented nor does it comply with the requirements of Civil Rule 56(E). Accordingly, the Court finds that in simply informing defendant of his intent to file for Worker's Compensation, he did not 'pursue' a claim within the protection of R.C. 4123.90. Motion for Summary Judgment granted. *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367."

Hamby's affidavit which accompanied his brief in opposition to the motion, stated:

"I, Jerry Hamby, do hereby state that on or before November 4, 1984, I pursued my Workers' Compensation benefits in a matter which would entitle me to protection under Section 4123.90 of the Ohio Revised Code."

Hamby urges trial court error in two respects in its granting the summary judgment: first, because the employer did not prove that there was a lack of a genuine issue of material fact; second, because a genuine issue of material fact existed by reason of his affidavit as quoted above.

R.C. 4123.90, in the second paragraph, states in pertinent part:

"No employer shall discharge * * *, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury * * * which occurred in the course of and arising out of his employment with that employer. * * *"

A cause of action for retaliatory discharge has been expressly created under R.C. 4123.90. Under the statute, an employer is liable for discharging an employee who has pursued a workers' compensation claim. This cause of action, however, is dependent upon the pursuit of workers' compensation benefits: in the case of a state-insured employer, by the filing of a claim, *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, 23 O.O. 3d 341, 433 N.E. 2d 142, and in the case of a self-insured employer, by the institution of proceedings, *Roseborough* v. *N.L. Industries* (1984), 10 Ohio St. 3d 142, 10 OBR 478, 462 N.E. 2d 384.

The statutory language is clear and unambiguous. Thus, for a state-insured employer to be liable, such as National Gypsum, the filing of a claim for workers' compensation benefits must precede the discharge. *Bryant, supra.* This filing is a prerequisite to

the viability of such a cause of action. Here the filing of the claim followed the discharge.

In *Bryant, supra,* the Supreme Court rejected the argument urged by Hamby here that he verbally notified his employer of his intent to pursue his workers' compensation claim. The court said that R.C. 4123.90 "applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so." *Id.* at 371, 23 O.O. 3d at 343, 433 N.E. 2d at 145.

At paragraph 3 of Hamby's complaint he pleads that on "October 17, 1984, he informed the defendant (employer) that he would be filing a worker's compensation application." Hamby's affidavit merely recites that he "pursued" his workers' compensation benefits on November 4, 1984. The affidavit states a conclusion which fails to satisfy the need to set forth facts which might otherwise aid his opposition to the motion. Civ. R. 56(E).

The employer moved for summary judgment on the basis that Hamby did not file an application, nor did he undertake, institute or process one for benefits prior to his discharge. The affidavit of the employer proved that it was a state-fund insurer. Thus, Hamby's application would be required to be filed with the state agency.

Hamby attached to his complaint a copy of his application for benefits which was signed on November 9, 1984. This was five days after he was discharged and filing, of necessity, occurred after that.

Hamby relied entirely upon the fact that he had informed his employer of his intention to file such a claim. *Bryant, supra,* however, indicates that more than a mere oral communication of an intent to pursue a claim is required. It was incumbent upon Hamby to set forth those facts which demon-

strated his pursuit of his claim. Hamby failed to satisfy this requirement.

If a claim has not been filed prior to discharge, as a matter of law, no cause of action exists under R.C. 4123.90 and the state-insured employer cannot be held liable. *Bryant, supra.* The employer is entitled to either a dismissal or summary judgment. Thus, summary judgment was properly granted.

Both assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FRANKLIN, J., concurs.

BAIRD, P.J., concurs in judgment only.

FRANKLIN, J., retired, of the Lucas County Common Pleas Court, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.