THOMPSON, APPELLANT, *v.* KINRO, INC., APPELLEE.

(No. 10443—Decided December 21, 1987.)

*E. S. Gallon & Associates* and *Deborah J. Adler,* for appellant.

*Cole, Acton, Harmon & Dunn* and *Quintin Lindsmith,* for appellee.

BROGAN, J. The plaintiff-appellant, Sandra Thompson, appeals from a summary judgment granted to the defendant-appellee, Kinro, Inc., by the Montgomery County Court of Common Pleas.

Thompson filed a complaint pursuant to R.C. 4123.90 on October 14, 1986 asserting that she had sustained two separate injuries in the course of her employment with Kinro, Inc., one on April 7 and another on April 14, 1986. She asserted that on April 15, 1986 she completed the necessary forms to apply for workers' compensation benefits and was told by her supervisor that as a result of her injury she would either be terminated or laid off, or placed on sickness or accident benefits.

Thompson further asserted that on May 9, 1986, she was notified by the company that her employment was terminated effective April 14, 1986. She alleged that the defendant, Kinro, Inc., had discharged her for pursuing her

rights to workers' compensation as a result of her work-related injuries. She further alleged that Kinro had received notice of the claimed violation of R.C. 4123.90 within the ninety days immediately following such discharge.

Kinro answered the complaint and generally denied the allegations of the complaint; however, Kinro did admit receiving the notice of the alleged violation of R.C. 4123.90 on June 2, 1986. Kinro asserted various affirmative defenses among which was the assertion that the claim was barred for the reason that Thompson's employment was terminated before she had filed any claim, or instituted or pursued any proceeding under the Workers' Compensation Act.

Kinro subsequently moved for summary judgment asserting that it was entitled to judgment as a matter of law because R.C. 4123.90 does not protect an employee who notifies her employer that she is about to commence proceedings but who fails to file a claim for compensation prior to being discharged, citing *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, 23 O.O. 3d 341, 433 N.E. 2d 142.

Attached to Kinro's motion was the affidavit of Roy Thompson who stated that he was the plant manager of Kinro, Inc. and that Kinro was a state fund insured employer. Also attached to the motion was a copy of a Bureau of Workers' Compensation C-3 Form which apparently had been completed by plaintiff Thompson and Kinro's office manager, one Sue Tobe. The form did not reflect a file stamp from the bureau's claim section.

In response, plaintiff Sandra Thompson filed her own affidavit asserting that she was injured on her job site at Kinro on April 7 and April 14, 1986 and that she had completed a workers' compensation C-3 Form, which she gave to Sue Tobe, office manager of Kinro, Inc., who said that

she would file it with the Bureau of Workers' Compensation. Plaintiff Thompson said that the last date she saw the application was the date she gave it to Sue Tobe, April 21, 1986. She further stated that the first date she received notice of her termination was on or about May 9, 1986 when she reported to Kinro to have certain paperwork completed.

The trial court then proceeded to grant the defendant's motion for summary judgment since "the plaintiff did not file a claim before the date she was notified of her discharge and since the defendant is not a self-insured employer, then as a matter of law, defendant could not have violated R.C. 4123.90." The court stated it was following the guidance of *Bryant*.

Appellant, Sandra Thompson, contends the trial court erred as a matter of law in sustaining Kinro's motion for summary judgment. Appellant contends that the trial court misread the opinion in *Bryant*. In that case, the Ohio Supreme Court held that "[t]he language of R.C. 4123.90 is clear and unambiguous that an employee must have either filed a claim or initiated or pursued proceedings for workers' compensation benefits prior to being discharged for his employer to be liable under the statute." *Id.*, syllabus.

R.C. 4123.90 reads in pertinent part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because *such employee filed a claim or instituted, pursued or testified in any proceedings* under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." (Emphasis added.)

In *Bryant,* the court found that Bryant had cut his right index finger on February 9, 1979 while performing

services pursuant to his employment. Subsequent to that date, he was discharged by the company. Appellant claimed he was discharged because he informed the company that he had injured himself and that he intended to file an industrial claim.

Bryant contended that an expression of intent to pursue an industrial claim was sufficient to satisfy the purposes of R.C. 4123.90 insofar as he "pursued" a claim. In affirming the grant of summary judgment, Justice Holmes noted:

"We conclude, as did the Court of Appeals for Montgomery County, that Judge McCormac was correct in his interpretation of this statute, as related to an employee's complaint against his former employer, that it applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so." (Footnote omitted.) *Id.* at 371, 23 O.O. 3d at 343, 433 N.E. 2d at 145.

Justice William B. Brown wrote a separate concurring opinion, wherein he stated:

"* * * I concur in the syllabus of this case, and I likewise agree with the majority's holding that the provisions of R.C. 4123.90 apply '* * * only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so.'

"In my opinion, the majority opinion does not stand for, and should not be construed as standing for, the proposition that the only action by which a proceeding can be 'instituted or pursued,' in the case of an employer who is not self-insured, is by an actual filing of a claim.

"I would agree with the majority that, for the purposes of R.C. 4123.90, an employee, such as the one herein, has not 'pursued or initiated' a proceeding where he merely informs someone in the company of his intention to file an industrial claim. In view of the fact that an employer must complete part of the industrial claim form prior to the claimant's filing of his claim, *I can envision situations where a court could find a claimant had 'pursued or initiated' a proceeding, although he had not actually made a physical filing of a claim. The majority's decision should not be read so as to preclude a court's consideration of such factual situations.*

*"Indeed, a requirement that an actual filing of a claim is the only means by which a proceeding can be instituted or pursued would frustrate the legislative intent as evidenced in R.C. 4123.90. If such a requirement was mandated, an employer could, upon receipt of an employee's request to complete the form prior to filing, fire the claimant and thus avoid the consequences of R.C. 4123.90.* In addition, such a requirement would also result in a footrace, the winner being determined by what event occurs first — the firing of the employee or the filing of the claim with the bureau. This scenario, in light of the fact that R.C. 4123.95 provides that R.C. 4123.90 should be liberally construed in favor of the employee, should not be encouraged by a decision from this court." (Emphasis added.) *Id.* at 372-373, 23 O.O. 3d at 344, 433 N.E. 2d at 145-146.

In *Roseborough* v. *N. L. Industries* (1984), 10 Ohio St. 3d 142, 10 OBR 478, 462 N.E. 2d 384, syllabus, the Ohio Supreme Court held that a workers' compensation claim or proceeding for medical benefits has been "instituted" or "pursued" against a self-insured employer for purposes of R.C. 4123.90 if "* * * (1) a formal written claim is filed by the employee with the employer, the Bureau of Workers' Com-

pensation, or the Industrial Commission of Ohio, or (2) the employer agrees to pay or has paid for medical care provided to an injured employee, or (3) the employer receives written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee on account of his employment-related injury, or (4) the employer becomes similarly involved with the compensation process."

Justice Locher, in writing for the majority, stated:

"* * * The instant case requires us to determine when a workers' compensation proceeding or claim has been 'instituted' or 'pursued' against a self-insured employer for purposes of the retaliatory discharge prohibition of R.C. 4123.90. The appellate court herein ruled that an actual filing of a written claim is required to trigger the protections of the statute. We read the statute more broadly and thus reverse and remand.

"In *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367 [23 O.O. 3d 341], *this court held that an employee's mere expression of his intent to file a workers' compensation claim was insufficient to constitute the 'institution' or 'pursuance' of a claim for purposes of R.C. 4123.90.* As Justice Holmes stated in his opinion for the court at page 371: 'We conclude * * * that * * * [R.C. 4123.90] applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so.'

"Notwithstanding appellee's arguments otherwise, we did not hold in *Bryant* that the protection of R.C. 4123.90 is triggered only upon the actual filing of a written claim. Justice William B. Brown wrote in his *Bryant* concurring opinion at page 372:

" 'Indeed, a requirement that an actual filing of a claim is the only means by which a proceeding can be instituted or pursued would frustrate the legislative intent as evinced in R.C. 4123.90.'

"We agree with the foregoing reasoning, and therefore find that the court of appeals misinterpreted *Bryant* in holding that an actual claim must be filed before the employee is protected.

"The question not answered in *Bryant* was this: What does constitute the 'institution' or 'pursuance' of a workers' compensation claim for purposes of R.C. 4123.90? Unlike the situation in *Bryant,* where the employer was a state fund insured employer, we make our present determination in the context of a self-insured employer. We find this distinction to be material for purposes of R.C. 4123.90. Due to the differences in the role an employer assumes depending on the method of coverage, that which would constitute an 'actual pursuit' of a claim differs as well.

"The degree to which an employer becomes involved in the distribution of workers' compensation to a qualifying employee depends in great part upon his status as being either a state fund insured employer or a self-insured employer. In the case of a state fund insured employer, as in *Bryant,* claims are normally filed with and processed through the Bureau of Workers' Compensation. The employer's involvement consists only of premium payments. On the other hand, a self-insured employer normally receives and processes his own employees' claims. The bureau or commission then becomes involved only in the event of a disputed claim, as apparently happened in this case." *Id.* at 143, 10 OBR at 479, 462 N.E. 2d at 385-386.

Although dictum, Justice Locher clearly expressed the meaning or holding of *Bryant* in *Roseborough, i.e.,*

that the mere expression of an employee's intent to file a worker's compensation claim is insufficient to constitute the "institution" or "pursuance" of a claim for purposes of R.C. 4123.90. Further, the Ohio Supreme Court long ago held that the syllabus of a decision of the Supreme Court of Ohio states the law of a case, but such pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the court. *Williamson Heater Co.* v. *Radich* (1934), 128 Ohio St. 124, 190 N.E. 403, paragraph one of the syllabus. The only question presented in *Bryant* was whether a mere expression of intent to file a claim by an employee was sufficient to trigger R.C. 4123.90.

In the matter *sub judice,* the appellant presented unrefuted evidentiary material that she completed a C-3 Form and handed it to appellee's office manager, Sue Tobe, who said that she would file the form with the Bureau of Workers' Compensation. The copy of that form indicates it was completed by appellant on April 15, 1986 and by Tobe on April 21, 1986. Appellant claims she did not see the form again until her employment was terminated by the employer. The only fair inference that can be made from this evidence is that the employer knew that the claim had not been filed prior to appellant's termination.

Viewing the evidence before the trial court in the summary judgment, we hold that Kinro is estopped to claim that Thompson did not file her claim when Kinro or its agent led the employee to believe that it would file the claim for her. To hold otherwise would permit the employer to benefit from its own misconduct or negligence.

Also it is evident that appellant did something more than express her intent to file a claim before she was ter-

minated. She completed a C-3 Form on April 15, 1986, had Part IV of the form completed by the hospital, and submitted the form to her employer for completion of the employer's report. We believe this evidence indicates sufficient pursuit of Thompson's claim under R.C. 4123.90. To hold otherwise would permit employers to do just as Justice Brown feared, *i.e.,* enable an employer to fire an employee upon a request to complete the form for filing and thereby frustrate the filing of the claim.

The assignment of error is well-taken. The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.