# Frierson v. Rent-A-Center of America
*[Cite as 7 AOA 281]*

Case No. 57540
Cuyahoga County, (8th)
Decided October 11, 1990

Gerald R. Walton, 2800 Euclid Avenue Building, Suite No. 500, Cleveland, Ohio 44115, for Plaintiff-Appellant.

Irwin J. Dinn, Dinn, Hochman, King & Melamed, 5885 Landerbrook Drive, Suite No. 205, Mayfield Heights, Ohio 44124, for Defendant-Appellee.

STILLMAN, J.

James Frierson, appellant, filed a complaint against his former employer, Rent-A-Center of America, Inc., appellee, claiming that he was discharged in retaliation for his pursuit of workers' compensation benefits in violation of

R.C. 4123.90. The trial court entered judgment for appellee, and appellant brought this appeal.

Appellant was hired on July 14, 1986 as an account manager for one of appellee's stores. Appellee maintains workers' compensation insurance through the state fund, and is not self-insured. On August 23, appellant was driving one of appellee's trucks when its brakes failed. The truck ran into the overhang of an apartment building, injuring appellant.

Appellant drove the truck back to the Rent-A-Center store and informed his employer of the accident. He then left work to go to the emergency room for treatment of headaches and neck pain. At Marymount Hospital, appellant filled out a workers' compensation claim form. According to appellant, hospital personnel informed him that filling out the form was sufficient to make his claim.

Appellant reported to work on his next scheduled workday, August 26. He did not work that day, but gave the doctors' report regarding his injuries and treatment to the Rent-A-Center store manager, Michael Yatsko. Yatsko requested documentation of appellant's hospital visit. Yatsko subsequently received a bill from the hospital.

Appellant did not work the following day due to his injuries. He did work Thursday and Friday of that week, but missed Saturday, August 30. There was conflicting testimony as to whether or not appellant notified appellee when he was going to be absent from work.

On Tuesday, September 2, appellants' next work day, Yatsko told him that he had been terminated. Yatsko told appellant that he needed someone there every day whom he could depend on.

Yatsko testified that he had been brought to this Rent-A-Center store to improve its operation. He testified that appellant, a new employee, was still on probation and was not performing up to standards. Appellant's attendance record was only fair, and Yatsko had written him up previously for his failure to call in pursuant to store policy. Yatsko testified that he fired appellant because of his poor performance overall, not his pursuit of workers' compensation benefits.

On September 10, eight days after appellant's discharge, a workers' compensation claim was filed on behalf of appellant with the Bureau of Workers' Compensation. Appellant received a total of $11,331.34 in workers' compensation benefits.

Appellant filed a complaint for retaliatory discharge, seeking reinstatement, back wages, and attorneys sees pursuant to R.C. 4123.90. After hearing, the court dismissed appellants complaint with a written opinion. The court found that appellant could not bring an action pursuant to R.C. 4123.90 since his workers' compensation claim was not filed before his termination date. Appellant brought this appeal, asserting as his sole assignment of error:

THE COURT BELOW ERRED IN DISMISSING PLAINTIFF-APPELLANT'S CLAIM AFTER DETERMINING THAT THE PLAINTIFF-APPELLANT'S SIGNING OF A C-3 FORM AT MARYMOUNT HOSPITAL ON AUGUST 23, 1986 DID NOT CONSTITUTE THE INSTITUTION OR PURSUIT OF A WORKER'S COMPENSATION CLAIM AS SET FORTH IN OHIO REVISED CODE SECTION 4123.90.

R.C. 4123.90 provides in pertinent part as follows:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified, in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."

A claim pursuant to R.C. 4123.90 requires that the employee's injury occurred on the job, that a claim for workers' compensation for the injury was filed, and that the employee was subsequently fired because the claim was made. *Wilson v. Riverside Hospital* (1985), 18 Ohio St. 3d 8, 10.

In interpreting R.C. 4123.90, the Ohio Supreme Court has recognized that the workers' compensation claim process differs according to whether the employer is self or State-insured. *E.g., Bryant v. Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, *Roseborough v. N.L. Industries* (1984), 10 Ohio St. 3d 142. Employees of a state-insured employer file claims for benefits directly with, and receive benefits from, the Bureau of Workers' Compensation. In contrast, employees of a self-insured employer apply directly to the employer for benefits, and only file with the bureau when the claim is disputed.

This distinction is reflected in R.C. 4123.90 as to that actions by employees come within the statutory language of filing a claim or instituting, pursuing or testifying in any proceedings

under the workers' compensation act. "The institution of proceedings for payment of benefits without a claim being filed appears to have been placed in the statute to Cover benefits paid by a self-insured employer when made without the filing of a claim, a recognition of the existence of a claim already in being," *Genheimer v. Clark Grave Vault Co.* (1980), 70 Ohio App. 2d 65, 69, approved in *Bryant, supra*, at 371. *See also Roseborough, supra*, involving a self-insured employer, where the court expressly indicated that it was *not* deciding "what constitutes the 'institution' or 'pursuance' of a claim when the employer is a state fund insured employee." *Id.* at 144 n.2.

The *Bryant* case involved a state-insured employer. The employee informed the employer that he was going to file for workers' compensation benefits, but did not actually file the claim until after he was discharged. The court held that, where the employer is state-insured, R.C. 4123.90 requires the actual pursuit of workers' compensation benefits. The court determined that an employee's expression of intent to file a workers' compensation claim did not constitute such "actual pursuit" of a claim.

*Genheimer, supra*, also involved a state fund insured employer. Like appellant, the employee in *Genheimer* filled out a workers' compensation claim form at the hospital upon receiving treatment for his work-related injuries, but did not file a claim until after his discharge. The court determined that oral notice to his employer of his intent to file a claim and events preparatory to filing the claim were insufficient to invoke the protection of R.C. 4123.90. See also *Hamby v. National Gypsum Company* (1986), 33 Ohio App. 3d 258.

Appellee is also a state fund insured employer, and appellant is therefore required actually to pursue a workers' compensation claim for recovery under R.C. 4123.90. However, as in *Bryant* and *Genheimer*, no workers' compensation claim was filed on appellant's behalf until after he was actually fired.

Appellant cites the case of *Thompson v. Kinro, Inc.* (1987), 37 Ohio App. 3d 175. In *Kinro*, the employee filled out a workers' compensation claim form and gave it to his employer to complete. The employer promised to complete and file the form. The employee was then discharged before the claim was filed. The court held that because of its promise, the employer was estopped to claim that the employee was precluded from recovery under R.C.

4123.90. *Id.*, second paragraph of the syllabus. However, unlike the employer in *Kinro*, appellee never promised to file appellants' claim. *Kinro* is therefore distinguishable from the case *sub judice*.

We agree with the trial court that appellant cannot bring a retaliatory discharge action pursuant to R.C. 4123.90 because his claim was not filed until after his discharge.

*Affirmed*

PATTON, C.J., and J.V. CORRIGAN, J., CONCUR.

Sitting by Assignment: Judge Saul G. Stillman, Retired, Eighth District Court of Appeals.