**MOORE**

v.

**ANIMAL FAIR PET CENTER, INC.**

Court of Common Pleas of Ohio,
Franklin County,
Civil Division.

No. 95CVH–02–1016.

Decided Oct. 18, 1995.

*Arnold E. Shaheen, Jr.,* for plaintiff.

*Keith E. Golden, Eric J. Wittenberg* and *David J. Chakeres,* for defendant.

JOHN A. CONNOR, Judge.

This matter comes before the court upon motion by defendant Animal Fair Pet Center, Inc. to dismiss pursuant to Civ.R. 12(B)(6). The motion was filed on July 7, 1995, opposed on July 21, 1995, and replied to on July 26, 1995.

A complaint may only be dismissed by the trial court when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. When construing a complaint upon a motion to dismiss for failure to state a claim upon which relief may be granted, all factual allegations in the complaint are presumed to be true. *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 544, 584 N.E.2d 729, 732–733. Further, all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756.

In ruling on a motion to dismiss for failure to state a claim, the court must make its determination based solely upon the complaint, because it is a proceeding that tests only the sufficiency of the complaint. See *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378.

In his complaint, plaintiff Clarence R. Moore alleges that he was injured in the scope of his employment, requested a workers' compensation form, was instead instructed by defendant's manager just to go to the hospital, and then notified defendant's president by telephone from the hospital. Based upon these facts, plaintiff maintains that he was wrongfully terminated from his employment with defendant on July 18, 1994 for sustaining injuries at his workplace on that same date (July 18, 1994), which is in violation of public policy as expressed in R.C. 4123.90 and in the workers' compensation scheme. Plaintiff also alleges that relief is sought based only on a violation of public policy rather than on a violation of R.C. 4123.90 itself because plaintiff was terminated before he had the opportunity to file a workers' compensation claim.

In Ohio, employers have the right to terminate at-will employees for any cause, at any time, and even if in reckless disregard of the employee's rights. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. However, in *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, the Supreme Court of Ohio carved out a narrow exception to the employment-at-will doctrine (public-policy exception based on a court-ordered child-support wage assignment made pursuant to R.C. 3113.213[D] ). The court held that an employer cannot lawfully discharge an employee for a reason which is prohibited by statute or where public policy could be deemed to be "of equally serious import as the violation of a statute." *Id.*, 49 Ohio St.3d at 233, 235, 551 N.E.2d at 985–986, 987. However, a *Greeley* cause of action is available only when (1) the termination violates a statute or a deeply ingrained public policy, and (2) the legislature has neither provided a private remedy nor expressed an intent to preclude a private remedy. *Rheinecker v. Forest Laboratories, Inc.* (S.D.Ohio 1993), 813 F.Supp. 1307, 1313. See, also, *Shaffer v. Frontrunner, Inc.* (1990), 57 Ohio App.3d 18, 566 N.E.2d 193 (public-policy exception based upon attending jury duty, pursuant to R.C. 2313.18).

As to the availability of the public-policy exception, the Supreme Court of Ohio further explained:

" 'Clear public policy' sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed by the General Assembly in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law." *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, paragraph three of the syllabus (no public-policy exception for terminating unclassified public employee for becoming a political candidate).

Defendant counters that plaintiff's claim is governed by R.C. 4123.90 and, therefore, a cause of action based on the public-policy exception is preempted

because the statute provides a private cause of action and remedy, and all claims are barred by the one-hundred-eighty-day statute of limitations. (Plaintiff alleges that he was terminated on July 18, 1994, and this action was filed on February 10, 1995, one month after the statute of limitations expired.)

R.C. 4123.90 provides, in pertinent part:

"No employer shall discharge * * * any employee because the employee *filed a claim or instituted, pursued or testified in any proceedings* under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * * The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge * * *." (Emphasis added.)

The first issue to be addressed is whether the statutory remedy is the exclusive remedy, thereby preempting claims based upon a public-policy exception. There is no case law on point concerning R.C. 4123.90 and preemption. However, the courts of appeals that have addressed the issue regarding other statutes are split.

Defendant urges the court to adopt the majority opinion set forth in *Contreras v. Ferro Corp.* (Oct. 28, 1993), Cuyahoga App. Nos. 64394, 64424 and 64883, affirmed in (1995), 73 Ohio St.3d 244, 652 N.E.2d 940 (discharge in violation of R.C. 4113.52, the whistleblower statute). In *Contreras*, the court held that a public-policy claim is preempted if the statute provides a remedy for its violation.

■ This court agrees with defendant and finds that the public-policy exception supported through *Greeley* does not provide an employee with a separate cause of action apart from R.C. 4123.90 because R.C. 4123.90 itself establishes a private cause of action, remedies, and a statute of limitations. *Hyatt v. Neaton Auto Products Mfg., Inc.* (1995), 103 Ohio App.3d 591, 660 N.E.2d 529.

■ However, this preemption does not affect the instant plaintiff's claim because plaintiff's claim is not governed by R.C. 4123.90 in that plaintiff did not *file his claim or otherwise institute or pursue any proceedings* prior to his discharge. The only action allegedly taken in regard to a workers' compensation claim was that "[p]laintiff requested an appropriate workers' compensation form in order that he might seek treatment from Columbus Community Hospital and was told to just go to the hospital by Defendant's manager, Jean Ebright."

The Supreme Court of Ohio has held that the act of an employee informing the employer that the employee intends to file a workers' compensation claim does not constitute *instituting or pursuing any proceedings* under R.C. 4123.90. *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142. The court further explained that a claim or proceeding has been "instituted" or "pursued" if "(1) a formal written claim is filed by the employee with the

employer, the Bureau of Workers' Compensation, or the Industrial Commission of Ohio, or (2) the employer agrees to pay or has paid for medical care provided to an injured employee, or (3) the employer receives written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee on account of his employment-related injury, or (4) the employer becomes similarly involved with the compensation process." *Roseborough v. N.L. Industries* (1984), 10 Ohio St.3d 142, 10 OBR 478, 462 N.E.2d 384, syllabus.

In *Roseborough,* the Supreme Court remanded the case in order to apply the definition of *"instituted or pursued"* to the facts, facts which showed that the *employer paid for treatment* and the employee filed a claim only after the employee was discharged. *Id.* The court also affirmed that the reception of treatment with the employer's knowledge does not constitute actual pursuit of the claim. *Id.*

The Franklin County Court of Appeals also held that an employee did not institute or pursue any proceedings even though the employee signed an application at the hospital because the employer did not file a claim and did not recognize the claim by paying any benefits. *Genheimer v. Clark Grave Vault Co.* (1980), 70 Ohio App.2d 65, 24 O.O.3d 77, 434 N.E.2d 744.

█ It is clear that in order to hold an employer liable under R.C. 4123.90, the filing must precede termination or the employer must become involved. *Hamby v. Natl. Gypsum Co.* (1986), 33 Ohio App.3d 258, 515 N.E.2d 943 (the employee only advised his employer that he intended to pursue the claim).

One exception was acknowledged in *Thompson v. Kinro, Inc.* (1987), 37 Ohio App.3d 175, 525 N.E.2d 528, in which the court held that, based upon the theory of estoppel, the actual filing was not a precondition because the employee filled out the necessary forms and gave them to the employer's agent, who informed the employee that the agent would complete the employer's information section of the claim form and cause the claim to be filed, but the agent never filed the claim.

Therefore, since plaintiff's claim is not governed by R.C. 4123.90, this court must next determine whether plaintiff has a claim for wrongful discharge in violation of public policy that exists separately. There is no case law precisely on point and, therefore, this is a case of first impression.

The Ohio Supreme Court has recognized that there is a separate cause of action for intentional and wrongful termination of workers' compensation payments that is not preempted by R.C. 4123.90. *Balyint v. Arkansas Best Freight Sys., Inc.* (1985), 18 Ohio St.3d 126, 18 OBR 188, 480 N.E.2d 417. The court explained that an employee's participation in workers' compensation does not

preclude him from enforcing his common-law remedies for intentional conduct. *Id.* at 129, 18 OBR at 190–191, 480 N.E.2d at 419–420.

This court notes that the *Balyint* holding is limited to the intentional tort of terminating the actual *workers' compensation benefits*, rather than the terminating of employment itself, which is governed by R.C. 4123.90. See *Whitten v. Ohio Blenders, Inc.* (July 28, 1989), Lucas App. No. L–88–417, unreported, 1989 WL 83919 (employee filed a claim prior to termination), and *Gleich v. J.C. Penney Co.* (Dec. 15, 1985), Franklin C.P. No. 84CV–11–6347, unreported.

 However, based upon this court's analysis of *Greeley* and *Painter*, this court does find that *Greeley* provides an employee with a cause of action for wrongful discharge in violation public policy, but only if the subject circumstances, such as those in the instant case, do not fall within the scope of R.C. 4123.90. For example, if an employee is injured and is then terminated due to that injury, but before the employee has the opportunity to file a claim or otherwise institute or pursue any proceedings, the facts would *not* fall within the scope of R.C. 4123.90. However, it would be against the public policy established in R.C. 4123.90 and the entire workers' compensation scheme to deny the injured employee a remedy when it is evident through the legislation that Ohio has a clear public policy to compensate injured workers and protect them from retaliation for being injured. Further, the legislature has neither provided nor precluded a private remedy for such circumstances.

Moreover, this court finds that to terminate an employee for being injured is of import equally as serious as the violation of the related legislation itself (R.C. 4123.90 and the workers' compensation scheme). However, this exception is narrowly limited to circumstances in which an employee is terminated *so quickly* after incurring an injury that the employee has no *reasonable* opportunity to file, institute, or pursue a workers' compensation claim, and the employer uses an immediate termination as a means to preclude an injury claim and higher premiums. If this exception is not permitted, employers could avoid statutory liability for wrongfully discharging injured workers by simply employing swift employment terminations, which would certainly violate public policy.

Upon due consideration and a review of the allegations contained in plaintiff's complaint, this court finds that plaintiff can prove a set of facts entitling him to relief for wrongful discharge in violation of public policy. Accordingly, this court hereby OVERRULES defendant's motion to dismiss.

*Motion to dismiss overruled.*