WILSON, Appellant,

v.

SEMCO, INC., Appellee.

[Cite as *Wilson v. Semco, Inc.* (2000), 140 Ohio App.3d 488.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–2000–61.

Decided Nov. 16, 2000.

*Michael J. Muldoon,* for appellant.

*Paul W. Leithart II,* for appellee.

SHAW, Judge.

Plaintiff Kenneth Wilson appeals the June 15, 2000 order of the Marion County Court of Common Pleas, which granted summary judgment on a claim of wrongful retaliatory discharge to plaintiff's former employer, defendant Semco, Inc.

Plaintiff was employed by defendant from 1990 until December 1997, when he was fired. During that period, plaintiff was injured in the course of his

employment on several occasions. Plaintiff had in fact filed ten separate claims for workers' compensation benefits, and at the time of his termination was apparently pursuing a claim known as No. 97–322052. On February 11, 1998, plaintiff sent defendant a letter declaring his intention to sue under R.C. 4123.90, and on June 15, 1998, plaintiff filed suit and asserted that he had been wrongfully discharged by defendant "on or about December 29, 1997 * * * because he was pursuing his rights under the Workers' Compensation Act of Ohio." *Wilson v. Semco, Inc.,* Marion C.P. No. 98CV0263, Complaint at Exhibit A, *1–*2, and *id.* at ¶ 5. In both his letter of intent and his June 15, 1998 complaint, plaintiff mentioned only one workers' compensation claim, No. 97–322052. See *id.* at Exhibit A, *1–*2, and *id.* at ¶ 3. However, during his deposition in the case, plaintiff stated that he had stopped pursuing claim No. 97–322052 but was still pursuing other claims that he had filed. Deposition of Plaintiff Kenneth Wilson, at 67–68.

On March 31, 1999, plaintiff dismissed his complaint without prejudice pursuant to Civ.R. 41(A)(1). On January 10, 2000, plaintiff refiled the complaint pursuant to R.C. 2305.19, the savings statute. See *Wilson v. Semco, Inc.,* Marion C.P. No. 00CV0008. However, in his new complaint plaintiff mentioned nine workers' compensation claims that were not included among the allegations in his letter of intent or his first complaint. Compare *Wilson v. Semco, Inc.,* Marion C.P. No. 00CV0008, Complaint at ¶ 3 (listing ten workers' compensation claim numbers), with *Wilson v. Semco Inc.,* Marion C.P. No. 98CV0263, Complaint at ¶ 3 (listing one claim number). Notwithstanding this change, plaintiff's new complaint once again asserted that that he had been wrongfully discharged by defendant "on or about December 29, 1997 * * * because he was pursuing his rights under the Workers' Compensation Act of Ohio." *Wilson v. Semco, Inc.,* Marion C.P. No. 00CV0008, Complaint at ¶ 5.

On April 21, 2000, defendant filed a motion for summary judgment, arguing that "the Plaintiff has actually pled nine new causes of action[,] since his first case involved a claim under one injury, while this case involves [claims regarding] ten separate incidents." Defendant's Motion for Summary Judgment, at *5. Defendant correctly observed that plaintiff had not mentioned the nine "new claims" in his letter of intent to sue or in his previous complaint, and argued that based on those omissions it had not received the written notice required by R.C. 4123.90 of the "new claims." Defendant also argued that plaintiff was estopped from arguing that the letter and the first complaint provided the required notice, because plaintiff had previously admitted in deposition that he had stopped pursuing the only claim mentioned in the letter and the first complaint.

On June 15, 2000, the trial court granted summary judgment to the defendant:

"[The d]efendant has essentially interposed a procedural barrier to the filing of this lawsuit and the Plaintiff has responded with his arguments regarding the merits of the case. The Defendant has correctly pointed out that it was not given timely notice of the plaintiff's pursuit of nine of these workers' compensation claims. Plaintiff is, therefore, statutorily barred from bringing any claim related to those injuries and to those workers' compensation claims. As to claim # 97–322052, the Plaintiff has admitted in deposition that he was not pursuing this claim and, therefore, this claim must also fail." Journal Entry at *2–*3.

Plaintiff now appeals, and asserts a single assignment of error with the trial court's judgment:

"The trial court erred in granting summary judgment pursuant to Ohio Civil Procedure Rule 56 when there are clearly genuine issues of as to material facts; therefore, the plaintiff is entitled to present his case to the trier of fact."

██ Appellate courts conduct a *de novo* review of the record in order to determine whether a trial court has properly granted summary judgment pursuant to Civ.R. 56. See *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. When reviewing the grant of a motion for summary judgment, appellate courts review the judgment independently and do not give deference to the trial court. See *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389. Accordingly, the appellate standard for summary judgment is the same as that of the trial court. See *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. In *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1202, the Ohio Supreme Court enunciated the standard for summary judgment:

██ "[Summary judgment is proper] when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party."

Furthermore, in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274, the Ohio Supreme Court held that parties seeking summary judgment must directly point to evidence in the record that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party satisfies that burden, the party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial," and summary judgment is proper if the party opposing judgment fails to set forth such facts. *Id.*, citing Civ.R. 56(E).

In this case, defendant's sole argument in support of summary judgment is that the plaintiff was procedurally barred under R.C. 4123.90 from bringing this action. The statute provides:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141, of the Revised Code plus reasonable attorney fees. *The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.*" (Emphasis added.)

"A complaint filed by an employee against an employer states a claim for relief for retaliatory discharge when it alleges that the employee was injured on the job, filed a claim for workers' compensation, and was discharged by that employer in contravention of R.C. 4123.90." *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275, syllabus. Under R.C. 4123.90, an employee must have either filed a claim or initiated or pursued proceedings for workers' compensation benefits prior to being discharged for his employer to be liable under the statute. See *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142, syllabus.

Here, it is undisputed that plaintiff had filed ten different workers' compensation claims prior to instituting this action. It is similarly undisputed that both complaints filed by the plaintiff state a proper cause of action for retaliatory discharge in violation of R.C. 4123.90. It is also undisputed that plaintiff provided "written notice" to the defendant of the alleged wrongful termination within ninety days after it occurred. See *Wilson v. Semco, Inc.*, Marion C.P. No. 00CV0008, Complaint at Exhibit A, *1–*2. However, defendant correctly observes that both the "written notice" and plaintiff's first complaint mention only one workers' compensation claim, No. 97–322052, and that plaintiff subsequently admitted that he had stopped pursuing that claim. Compare *id.* at *1 at *id.* at Exhibit A, *1–*2, with Deposition of Plaintiff Kenneth Wilson, at 67–

68. Defendant urges us to hold that the statute's requirement of "written notice" required the plaintiff to specifically identify all the workers' compensation claims that may have factored into his termination, and contends that because plaintiff did not identify all of those claims in his first complaint, he is barred from pursuing them in this action. Defendant would have us conclude, based on the statute's notice requirement, that plaintiff's first complaint asserted only that plaintiff was wrongfully terminated for pursuing the single claim named in the complaint. According to defendant's reading of the statute, a wrongfully terminated employee is required to identify each and every claim that may have played a role in motivating the dismissal. Failure to specify any one of such claims would result in the entire wrongful termination claim being procedurally barred and failing as a matter of law. By the same token, multiple workers' compensation claims underlying an improper dismissal would necessarily entail multiple causes of action.

█ We do not believe defendant's interpretation of the workers' compensation statutes (which are to be read "liberally construed in favor of employees," R.C. 4123.95) is a reasonable one. The argument rests on a faulty (and unstated) premise: that the statute's requirement of "written notice of *a claimed violation of this paragraph*" is meant to refer to written notice of a specific workers' compensation claim. By contrast, we believe the statute's notice provision plainly refers to an action "based upon discharge * * * demotion, reassignment, or punitive action taken * * *." R.C. 4123.90. The section therefore requires only that a terminated employee provide an employer with the facts necessary to apprise the employer of the nature of the cause of action (wrongful termination in violation of R.C. 4123.90) and the general factual allegations that are the basis of the cause of action. Cf. *Wilson v. Riverside Hosp.* at syllabus.

Here, both the plaintiff's "written notice" and his first complaint notified the defendant that he was asserting a claim under R.C. 4123.90 for wrongful termination, based upon the allegation that he had been terminated for pursuing his rights under the workers' compensation laws. Under our system of notice pleading, this claim is identical to the one he filed in his second complaint. Cf. *Children's Hosp. v. Ohio Dept. of Public Welfare* (1982), 69 Ohio St.2d 523, 525, 23 O.O.3d 452, 453, 433 N.E.2d 187, 189 ("[Two] actions are not substantially the same * * * when the parties in the original action and those in the new action are different."). It was therefore proper for the defendant to utilize the savings statute to refile his wrongful termination action. Cf. *id.* at 525, 23 O.O.3d at 453, 433 N.E.2d at 189; R.C. 2305.19.

Based on the foregoing, we conclude that the trial court's decision to grant judgment to the defendant was erroneous. Cf. *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d at 373–274, citing Civ.R. 56(C). Plaintiff's sole assignment of error is

accordingly sustained, and this cause is reversed and remanded to the Marion County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and WALTERS, J., concur.