**HYATT, Appellant,**

v.

**NEATON AUTO PRODUCTS MANUFACTURING, INC., Appellee.**

[Cite as *Hyatt v. Neaton Auto Products Mfg., Inc.* (1995), 103 Ohio App.3d 591.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA94–08–023.

Decided May 30, 1995.

*H. Steven Hobbs,* for appellant.

*Vorys, Sater, Seymour & Pease, Jonathan M. Norman* and *Christina A. Masdea,* for appellee.

KOEHLER, Judge.

Plaintiff-appellant, Paula Hyatt, appeals an order of the Preble County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Neaton Auto Products Manufacturing, Inc., in a wrongful discharge action.

On April 1, 1987, appellant was hired by appellee as a factory worker. Appellant subsequently received a copy of appellee's employee handbook, which stated in relevant part:

### "LEAVE OF ABSENCE

" * * * Regardless of reasons for absence, frequent absences from work or absences for excessive periods of time may result in termination.

"If eligible and covered, Associates on medical leave of absence will continue to receive pay under the terms of the Company's short term disability plan. Otherwise, all leaves of absence will be without pay.

"A doctor's release, stating reason for absence and return-to-work date, is required if you have been absent from work longer than five consecutive work days on a medical leave of absence.

"If you are not able to return to work on the agreed date of return following a leave of absence, it is your responsibility to notify your supervisor before that date to discuss a leave of absence extension. Failure to call or to return to work on the agreed return date may result in termination of employment.

"During any leave of absence, it is your responsibility to keep your supervisor informed of your status of recovery and estimated return to work date."

Appellant was injured while working on January 18, 1990. As a result of her injuries, appellant applied for and received workers' compensation benefits. On December 4, 1990, appellant left active employment with appellee on a medical leave of absence. Until August 22, 1991, appellant complied with the leave of

absence provision of appellee's employee handbook by submitting written doctor's slips, each stating the date she would be able to return to work.

On March 13, 1991, appellee's human resources manager sent a letter to appellant notifying her that appellee intended to fill appellant's position with a full-time employee due to the extended period appellant had been on leave of absence. The letter further informed appellant that she would be placed in an available position, if any, if she were able to return to work by May 27, 1991, the return to work date provided on appellant's most recent doctor's slip, but that appellee would be evaluating appellant's continued employment status if she were unable to return to work on May 27, 1991. On May 22, 1991, appellant submitted a doctor's slip extending her leave of absence to August 22, 1991. As of August 30, 1991, appellant had not submitted documentation extending her leave of absence beyond August 22, 1991. As a result, appellee sent a letter to appellant terminating her for failing to call or return to work on the return date in violation of appellee's employee handbook.

On August 27, 1993, appellant filed a complaint against appellee alleging she had been wrongfully discharged in retaliation for filing a workers' compensation claim. On May 24, 1994, appellee filed a motion for summary judgment which the trial court granted on August 2, 1994.[1]

Appellant timely filed this appeal. In her sole assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment.

Appellant first argues that she was discharged in violation of public policy and that the Ohio Supreme Court's decision in *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, provides her with a cause of action separate and apart from R.C. 4123.90. We disagree.

In *Greeley,* the court held that although the doctrine of employment at will continues to be recognized in Ohio, an exception to the doctrine exists on public policy grounds "when an employee is discharged or disciplined for a reason which is prohibited by statute." *Id.* at paragraph one of the syllabus. A *Greeley* cause of action is available only when (1) an employer's behavior violates either a statute or a deeply engrained public policy, and (2) the legislature has neither provided a private remedy nor expressed an intent to preclude a private remedy.

---

1. R.C. 4123.90, which creates a cause of action for retaliatory discharge where an employee is discharged as a result of filing a workers' compensation claim, provides that "[t]he action shall be forever barred unless filed within one hundred eighty days immediately following the discharge * * * and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge * * *." In the case at bar, appellant failed to file this cause of action within the one-hundred-eighty-day period.

*Rheinecker v. Forest Laboratories, Inc.* (S.D.Ohio 1993), 813 F.Supp. 1307, 1313. See, also, *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163, 614 N.E.2d 803. In the case at bar, R.C. 4123.90 establishes a private cause of action, complete with a range of remedies and a statute of limitations. Accordingly, we hold that *Greeley* does not provide a separate cause of action to appellant.

Appellant next argues that the Ohio Supreme Court's decision in *Balyint v. Arkansas Best Freight System, Inc.* (1985), 18 Ohio St.3d 126, 18 OBR 188, 480 N.E.2d 417, provides her with an independent cause of action for retaliatory discharge under common law. We disagree.

In *Balyint*, the court held that an employee of a self-insured employer who had not filed his complaint within the limitations period provided by R.C. 4123.90 could "maintain a cause of action against the employer for the intentional and wrongful termination of workers' compensation payments." *Id.* at 130, 18 OBR at 192, 480 N.E.2d at 420. On the facts, the court recognized that the self-insured employer had committed an intentional tort by terminating the employee's workers' compensation payments. *Id.* at 128, 18 OBR at 189–190, 480 N.E.2d at 419, citing *Blankenship v. Cincinnati Milacron Chemicals* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. We find that *Balyint* is limited on its facts and applies only when an employer intentionally terminates the workers' compensation payments to the injured employee. *Balyint* does not, therefore, provide appellant with an independent cause of action. See *Whitten v. Ohio Blenders, Inc.* (July 28, 1989), Lucas App. No. L–88–417, unreported, 1989 WL 83919.

In light of the foregoing, we find that the trial court properly granted summary judgment in favor of appellee. Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.