OPINION
Appellant, Connie Hildebrecht, appeals a decision of the Lake County Court of Common Pleas dismissing Count Two of her complaint.
Appellant was employed by Premier Machine Products, Inc. ("Premier"). Robert Reed is the owner and president of Premier. His wife, Shirley Reed, is an officer and office manager. In 1999, appellant was injured while working within the scope of her employment and subsequently filed a workers' compensation claim. Appellant stated that, when she spoke with Shirley Reed regarding her worker's compensation claim, she was told that she was "ripping the company off." After returning to work, appellant's employment was terminated. Appellees contend that appellant was discharged because of: poor attendance; deterioration in work performance; failure to follow doctor's and employer's instructions; slowdown of work; and, statements that appellant was going to quit after her insurance was paid.
Appellant argues that her termination was in retaliation for filing a workers' compensation claim. On July 29, 1999, appellant filed a complaint against appellees, Premier, Robert Reed, and Shirley Reed. In Count One, she alleged wrongful termination in violation of R.C. 4123.90
and in Count Two, she alleged a public policy exception to at-will employment.
Robert and Shirley Reed filed a motion to dismiss Count Two of the complaint. All three appellees also filed a motion to dismiss Count Two and a motion to strike appellant's jury demand. On May 12, 2000, the trial court granted all three motions and stated that there was no just cause for delay. From this judgment, appellant assigns the following assignment of error:
 "[1.] The trial court erred to the prejudice of Plaintiff-appellant in granting Defendants [sic] Motion to Dismiss."
 Appellant argues that, in an action based upon wrongful discharge, a plaintiff may maintain a claim based on a pubic policy exception to the doctrine of at-will employment, referred to as a Greeley claim, separate from a statutory claim. See Greeley v. Miami Valley Maintenance Contractors, Inc. (1990), 49 Ohio St.3d 228, 234. Appellant also relies on Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134. In response, appellees argue that appellant is not entitled to a separate cause of action apart from her wrongful discharge claim pursuant to R.C. 4123.90.
In Rauhuff v. American Fan Co. (1997), Butler App. No. CA98-09-188, unreported, 1999 Ohio App. LEXIS 2857, the Twelfth District Court of Appeals held that, based on the Ohio Supreme Court's decisions inLivingston v. Hillside Rehab. Hosp. (1997), 79 Ohio St.3d 249 and Kulch,supra, its decision in Hyatt v. Neaton Auto Product Mfg., Inc. (1995),103 Ohio App.3d 591 had been overruled. Additionally, the court held "that a common law public policy cause of action is potentially available to appellant `in addition to or in lieu of his statutory cause of action under R.C. 4123.90.'" Rauhuff, supra, at *20-21.
To establish a public policy cause of action, appellant must meet a four-part test:
 "1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law (the clarity element).
 "2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).
 "3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).
 "4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)." (Emphasis in original). Kulch, supra, at 151, citing Painter v. Graley
(1994), 70 Ohio St.3d 377, 384."
 The first two elements are questions of law to be determined by the court, while
the remaining two elements are questions of fact for the trier-of fact.Collins v. Rizkana (1995), 73 Ohio St.3d 65, 70. The first element is met by the public policy contained in R.C. 4123.90, which permits the use of the workers' compensation system without reprisal. With regard to appellant Premier, the second element is met because, construing the evidence in the light most favorable to appellant, she has established a prima facie case of workers' compensation retaliation which implicates the public policy cause of action. "The second element is also met because offering appellant a full range of remedies under a public policy cause of action complements the statutory remedies of R.C. 4123.90. Rauhuff,supra, at *22, citing Kulch, supra at 155-56. However, the second element cannot be met with respect to appellants Robert and Shirley Reed, because R.C. 4123.90 only provides a cause of action against employers. R.C. 4123.90 defines an employer, in relevant part, as follows:
 "(2) Every person, firm, and private corporation, including any public service corporation, that (a) has in service one or more employees regularly in the same business or in or about the same establishment under any contract of hire, express business or in or about the same establishment under contract of hire, express or implied, oral or written, or (b) is bound by any such contract of hire or by any other written contract, to pay into the insurance fund the premiums provided by this chapter."
 Individual liability has been permitted against corporate officers in discrimination cases brought pursuant to R.C. 4112.01. Genero v. Central Transport, Inc. (1999), 84 Ohio St.3d 293, 300. But individual liability of corporate officers has not been extended to cases where an employee is discharged as a result of filing a workers' compensation claim. Thus, in the instant case, liability would fall on Premier, not the individual corporate officers. Since appellant cannot maintain a claim against Robert and Shirley Reed under R.C. 4123.90, she cannot successfully claim a public policy exception to her at-will employment claim based on the policy contained therein. Thus, appellant is unable to state a claim against Robert and Shirley Reed.
Based on the foregoing, the judgment of the Lake County Court of Common Pleas is reversed as to appellant's public policy exception claim against Premier, affirmed as to appellant's public policy exception claim against Robert and Shirley Reed, and on remand appellant's jury demand should be reinstated.
JUDGE ROBERT A. NADER
O'NEILL, P.J., CHRISTLEY, J., concur.