OPINION
{¶ 1} Plaintiff Tina Rice, as the legal guardian of Chrisha Poto appeals two judgments of the Court of Common Pleas of Stark County, Ohio, the first of which overruled appellant's motion to enforce a settlement agreement, and the second of which overruled appellant's motion to vacate the judgment. This court consolidated the two appeals. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court erred in determining that no contract of settlement was formed between the parties.
 {¶ 3} "II. The trial court erred in denying appellant's motion for relief from judgment."
 {¶ 4} In 1992, Chrisha Poto was seriously injured in an automobile crash. She was a passenger in a vehicle struck by a semi tractor-trailer. Appellant sought underinsured motorist coverage against the insurance carriers of various employers pursuant to Scott-Pontzer v.Liberty Mutual Insurance Company (1998), 85 Ohio St. 3d 660 and Ezawa v.Yasuda Fire Marine Insurance Company (1999), 86 Ohio St. 3d 557. On March 26, 2003, appellant amended her complaint to add appellee Indiana Insurance Company. The other insurance companies are not parties to this appeal.
 {¶ 5} The parties agree on or about September 22, 2003, appellee extended a settlement offer of $75,000 to resolve all of appellant's claims against appellee. The offer contained no time restraints or additional conditions.
 {¶ 6} On November 5, 2003, the Ohio Supreme Court announced its decision in Westfield Insurance v. Galatis (2003), 100 Ohio St. 3d 216. In Galatis, the Ohio Supreme Court overruled Ezawa and limited the application of the rule in Scott-Pontzer. This destroyed appellant'sEzawa claim against appellee.
 {¶ 7} Also on November 5, 2005, at approximately 11:15 a.m., appellant accepted appellee's settlement offer via facsimile. The fax requested a draft of the settlement agreement and release to be sent as soon as possible. On November 6, 2003, appellee notified appellant the offer was withdrawn.
 {¶ 8} After some exchange between counsel, appellant filed a motion to enforce the settlement agreement. The trial court found there was no meeting of the minds and hence, no contract.
 {¶ 9} Appellant then filed a motion for relief from judgment pursuant to Ohio Civ. R. 60 (B). In it, appellant challenged the affidavit of appellee's counsel, which the court had reviewed in making its original decision.
 I. {¶ 10} Appellant first challenges the trial court's determination the parties did not reach an agreement to settle the case. In its judgment entry of June 4, 2004, the trial court found after the initial offer was made, counsel for the appellee contacted appellant's counsel suggesting the parties create a structured settlement. Appellee offered to prepare some structured settlement proposals, and counsel for appellant agreed to pass along any proposals to appellant. The trial court concluded from this the parties had not reached a meeting of the minds regarding the terms and conditions of the settlement.
 {¶ 11} Appellant denies appellee ever modified its settlement offer by suggesting a structured settlement. Appellant argues the trial court's judgment entry is incorrect in as far as it finds these facts are undisputed, and urges appellees' affidavit is hearsay to the extent it alleges how appellant responded to the offer to structure the settlement.
 {¶ 12} As appellee points out, settlement agreements are contractual in nature, and the party asserting the existence of the settlement agreement has the burden of establishing the existence and the terms of the agreement, see Nilavar v. Osborn (1998), 127 Ohio App. 3d 1. Basic principles of contract law apply in construing or enforcing an alleged settlement agreement, Rulli v. Fan Company (1997), 79 Ohio St. 3d 374. A motion to enforce the settlement may present a mixed question of law and fact, and this court's standard of reviewing a trial court's determination of factual issues is to review the record to see if the courts findings are supported by competent and credible evidence.
 {¶ 13} Here, we are presented with a factual dispute as to whether the settlement offer was modified by a proposal to offer a structured settlement. While the trial court may have been incorrect in finding the facts were undisputed, the court must weigh the evidence regarding any disputed fact, and choose which version to believe. Further, we find the issue is moot, because of the intervening decision of Galatis, supra.
 {¶ 14} Appellant concedes the Supreme Court's decision in Galatis was announced prior to her attempt to accept the settlement offer. In overruling Ezawa, Galatis effectively eliminated the basis of appellant's claim against appellee's insurance policy. In addition to finding no meeting of the minds regarding the specific settlement terms, the trial court found any change in law made before acceptance will impact the settlement in this case.
 {¶ 15} In Clark v. Bureau of Workers' Compensation (Franklin App. No. 02AP-743), 2003-Ohio-2193, the Tenth District Court of Appeals reviewed a settlement agreement entered into prior to the Supreme Court's decision in Holeton v. Crouse Cartage Company (2001), 92 Ohio St. 3d 115,748 N.E. 2d 111. In Clark, the claimant entered into a settlement agreement with the Bureau of Workers' Compensation to repay benefits he had received from the Bureau out of the proceeds of his personal injury action. The Holeton case later held subrogation was unconstitutional. The Franklin County Court of Appeals held the law in existence at the time the parties entered into the contract applies to any agreement, and a change in law does not affect those rights unless the decision overruling the law is retrospective. In the case at bar, the law in effect at the time of settlement was Galatis.
 {¶ 16} We find at the time appellant attempted to accept this settlement offer, the law in Ohio had changed and the basis for her claim, Esawa, had been overruled. Further, the Ohio Supreme Court has made it very clear its decision in Galatis applies retrospectively, seeIn Re: Uninsured Underinsured Motorist's Coverage Case,100 Ohio St. 3d 302, 2003-Ohio-5888; Hopkins v. Dyer, 104 Ohio St. 3d 461,2004-Ohio-6769, 820 N.E. 2d 329; Shirley v. Republic-Franklin InsuranceCompany, 104 Ohio St. 3d 638, 2005-Ohio-182, 821 N.E. 2d 188.
 {¶ 17} We find the trial court correctly determined the change in law as set forth in Galatis, supra, effectively destroyed appellant's cause of action brought pursuant to Ezawa, supra. Thus, any attempt to settle the claim after the change in law was ineffective.
 {¶ 18} The first assignment of error is overruled.
 II. {¶ 19} In her second assignment of error, appellant urges the trial court erred in overruling her motion for relief from judgment. To prevail on a motion for relief from judgment, the movant must demonstrate, inter alia, that he has a meritorious claim, see GTE Automatic Electric v. ARC Industries, (1976), 47 Ohio St. 2d 146. The trial court found appellant could not establish a meritorious claim if relief were granted. We agree. In Shirley, supra, the Ohio Supreme Court found an insurance company may successfully bring a motion pursuant to Civ. R. 60 (B) to reverse a previously entered judgment made pursuant to Scott-Pontzer, and pre-dating the Supreme Court's decision in Galatis. It is clear the Ohio Supreme Court has determined Scott-Pontzer and Ezawa claims will not be recognized in Ohio.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgments of the Court of Common Pleas of Stark County, Ohio, are affirmed.
Gwin, J., and Boggins, P.J., concur Hoffman, J., concurs separately.