OPINION *Page 2 
{¶ 1} Appellant Daniel W. Galbraith appeals from the Judgment Entry of the Knox County Court of Common Pleas awarding 9.50 acres of property in Knox County to appellees Doyle and Shirley Galbraith pursuant to the terms of a settlement agreement. STATEMENT OF THE FACTS AND CASE {¶ 2} This case involves a business dispute between two brothers and a subsequent settlement agreement which was to have resolved the dispute.
 {¶ 3} In 1987, brothers Doyle and Daniel Galbraith formed a business relationship. Daniel agreed to purchase farmland in Knox County and Doyle agreed to farm the land with his family. Doyle paid rent to Daniel for the farmland and subsequently built a home and farming structures on certain property, known as Banning Road Farm, which remained owned by Daniel. Over the years, Daniel purchased approximately 1,000 acres and Doyle farmed about 750 of those acres.
 {¶ 4} In 2003, there was a family dispute which caused a rift between Daniel and Doyle. Daniel leased the farmland to a new tenant.
 {¶ 5} On March 9, 2004, Doyle and his family filed a lawsuit against Daniel alleging breach of an oral partnership agreement.
 {¶ 6} On December 9, 2005, near trial, the parties entered into the following settlement written agreement:
 {¶ 7} "SETTLEMENT PROPOSAL:
 {¶ 8} "Noel: Doyle, Shirley John Galbraith offer [sic] resolve this case in the following terms: *Page 3 
 {¶ 9} "1. Dan Galbraith transfer by warranty deed, to Doyle Shirley the house, and all outbuildings, including, without limitation, the grain set up, the hog barn, machine shed and fertilizer tanks, together with no more than 9.50 non-tillable acres, to include minimum required road frontage.
 {¶ 10} "2. In the event that the parties later disagree as to the specific determination of the 9.50 acres, the parties agree to allow Judge Eyster to make that determination, after being heard by counsel for both parties.
 {¶ 11} "3. The parties to execute global releases and dismiss all issues.
 {¶ 12} "4. Offer is open for acceptance until 5:00 PM 12-09-05."
 {¶ 13} The agreement is signed by the parties and their counsel, but eventually they failed to come to an agreement with regard to the specific acreage and amount of acreage to be transferred to Doyle and his family. Thereafter, the parties filed a "Joint Motion for Hearing Regarding Settlement Agreement" with the trial court.
 {¶ 14} On April 3, 2006, the trial court heard the attorneys on this issue. The proceedings were transcribed and five exhibits (Plaintiffs' Exhibits D, E, F, G; Defendant's Exhibit 1) were presented to the trial court. No sworn witness testimony was taken. Each attorney presented a proposal for the specific acreage to be conveyed. Appellant's counsel proposed transferring 3.5 acres to appellees, which included the house, outbuildings and a long strip of roadway, with a small amount of surrounding tillable land (Exhibit 1); on the other hand, appellee's counsel proposed transferring 9.5 acres which included the house, outbuildings and roadway, but also approximately six acres of surrounding tillable land (Exhibit E). *Page 4 
 {¶ 15} On May 1, 2006, the trial court filed a Judgment Entry granting the appellee's 9.50 acres as reflected in Exhibit E. A survey of the exact acreage was attached to the judgment entry, although the survey itself was not introduced at the hearing.
 {¶ 16} On May 12, 2006, appellant timely filed a notice of appeal from the judgment entry.
 {¶ 17} On appeal, appellant raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 18} "I. THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE SETTLEMENT AGREEMENT SPECIFICALLY REGARDING THE AMOUNT OF ROAD FRONTAGE, TILLABLE VS. NON-TILLABLE LAND, AND THE AMOUNT OF ACREAGE TO BE TRANSFERRED."
 I. {¶ 19} Appellant argues in his sole assignment of error that the trial court erred in its interpretation of the settlement agreement.
 {¶ 20} This Court held in Rice v. American Select Insurance Co., Stark App. No. 2004-CA-00213, 2004-CA-00333, 2005-Ohio-2597, that settlement agreements are contractual in nature, and the party asserting the existence of the settlement agreement has the burden of establishing the existence and the terms of the agreement, citing Nilavar v. Osborn
(1998), 127 Ohio App.3d 1, 711 N.E.2d 726.
 {¶ 21} Basic principles of contract law apply in construing or enforcing an alleged settlement agreement. Rulli v. Fan Company (1997),79 Ohio St.3d 374, 683 N.E.2d 337. *Page 5 
 {¶ 22} A motion to enforce a settlement agreement may present a mixed question of law and fact.
 {¶ 23} In Chirchiglia v. Ohio Bur. of Workers' Comp. (2000),138 Ohio App.3d 676, 742 N.E.2d 180, the Seventh District Court of Appeals set forth the applicable standard of review as follows:
 {¶ 24} "The standard of review to be applied to rulings on a motion to enforce a settlement agreement depends primarily on the question presented. If the question is a factual or evidentiary one, this court has held that the trial court's finding will not be overturned if there was sufficient evidence to support such finding. (citation omitted) However, * * * where the issue is a question of contract law, reviewing courts must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. (citation omitted) The standard of review is whether the trial court erred." Id. at 679.
 {¶ 25} In this case, the parties entered into the settlement agreement with knowledge that there would be uncertainty regarding the acreage to be conveyed to appellees. This issue is a question of fact and the parties agreed to have the trial court resolve the issue. Accordingly, this Court will not overturn the trial court's finding if it is supported by competent and credible evidence. Rice, supra.
 {¶ 26} Appellee's counsel acknowledged that:
 {¶ 27} "I think you can tell from the discussion there is more left out of this settlement agreement that there is in. There were a number of considerations that we didn't have any specifics with respect to the actual delineation of what this acreage would entail. * * * I think what can be said about the settlement proposal that it was *Page 6 
done in order to resolve the case, to put an outline together of what the settlement agreement would entail. And then to be able to present evidence to this Court by the attorney's statement as to what that specific acreage is." T. of Motion Hearing, at 17-18.
 {¶ 28} The parties entered into the agreement with knowledge that the acreage was indeterminate. The parties agreed to disposition of the outbuildings and house, and further agreed that any dispute regarding additional acreage would be decided by the trial court.
 {¶ 29} The trial court held a hearing and allowed counsel for both parties to present evidence. The trial court made a decision based upon the presentation of that evidence and awarded 9.50 acres, known as the Banning Road Farm, to appellees.
 {¶ 30} After a complete review of the record, this Court finds that the trial court's decision is supported by competent and credible evidence.
 {¶ 31} Accordingly, appellant's single Assignment of Error is overruled.
 {¶ 32} The decision of the Knox County Court of Common Pleas is affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1